UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States

    v                                              Civil No. 10-cr-88-02-SM

Dwayne C. Gousby


**O R D E R**

Before the court is the defendant's Motion to Re-open Bail Hearing (document no. 37). After a bail hearing on March 22, 2010, Magistrate Judge Muirhead ordered the defendant detained, finding that there were no conditions or combination of conditions that would reasonably assure the safety of the community. Judge Muirhead found:

> Specifically, these are gun charges with evidence from an informant, witnesses, recordings and a co-conspirator that will very probably lead to conviction. He has two prior gun convictions, violation of a restraining order, and drug convictions. He described his drug business in a recorded conversation with the CI.

18 U.S.C. § 3142(f)(2)(B) governs the decision to reopen a bail hearing and provides, in relevant part:

> . . . The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Defendant alleges the following facts as grounds for reopening the bail hearing:

- Defendant has not been indicted for drug-related offenses since the date of the detention hearing;
- During January 2010, defendant performed 21 hours of community service at a community center;
- Defendant could be placed on home detention with electronic monitoring; and
- Amanda Martins, the mother of defendant's two sons, hopes to start school on August 2, 2010, and needs the defendant to watch her sons while she attends school.

These facts are insufficient for this court to reopen Judge Muirhead's March 22 detention order. Judge Muirhead's detention order rested on a finding of dangerousness, with specific concerns about both the fact that defendant's pending charges involved guns and that the weight of the evidence against the defendant was strong. Judge Muirhead was also concerned about the defendant's criminal record, which included two prior gun-related convictions.

The fact that the defendant has not yet been indicted on <u>drug</u>-related charges does not change the fact that he has been indicted on <u>gun</u>-related charges. The defendant's community service is laudable, but it pre-dated the March 22 detention hearing, and it has no material bearing on the dangerousness finding. Judge Muirhead was well aware of the availability of

home detention with electronic monitoring as a condition of release, and he did not find it appropriate. The fact that Ms. Martins needs childcare is of no relevance on the question of bail.

For these reasons, the defendant's Motion to Re-open Bail Hearing (document no. 37) is denied. Should the defendant provide this court with a future request to reopen bail hearing which contains new information that would have a material bearing on the question of dangerousness, this court will schedule a hearing on such motion.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: July 22, 2010

cc: Jeffrey S. Levin, Esq.
    Peter E. Papps, Esq.
    U.S. Probation
    U.S. Marshal